UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERIC EUELL,  :  <br>    Plaintiff,  : <br> : <br>v.  : <br> : <br>STATE OF RHODE ISLAND, et al.,  : <br>    Defendants.  : | C.A. No. 22-101-MRD-PAS |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Plaintiff Eric Euell has sued the Rhode Island State Police ("RISP") and the Rhode Island Department of Public Safety[1] alleging that they wrongly initiated a baseless 2019 criminal felony information (subsequently dismissed by the Rhode Island Superior Court) against him in derogation of his constitutional rights, as well as in violation of his state law rights to be free of false arrest and false imprisonment. See ECF No. 1.

    The allegedly wrongful prosecution arose from Plaintiff's February 15, 2019, resignation from employment at Overhead Door of Southeastern Massachusetts ("OD") in connection with his starting a competing company, Designer Garage Doors, Inc. ("Designer"). Id. ¶¶ 13, 23. According to the Complaint, the criminal charges were based on Plaintiff having remained in possession of items of de minimis value from his OD employment. Id. ¶ 42. Plaintiff alleges that, after learning of his resignation, an OD principal ("James Scott Grace") contacted a family member who is an RISP Officer (Defendant Kevin Grace) to initiate allegedly groundless criminal charges and that RISP performed no investigation to establish probable cause. Id. ¶¶

---

[1] Plaintiff has sued the State of Rhode Island, its agencies and officials in their official capacities, as well as two named RISP Officers who are also sued individually. Claims against the Rhode Island Office of Attorney General and its employees have been dismissed with prejudice. ECF No. 30.

13-15, 31-39, 44-47.  On March 26, 2019, based solely on the request of OD, and not on any RISP investigation, Plaintiff was charged with embezzlement and fraudulent conversion, arrested and processed.  Id. ¶¶ 37, 44, 45.  On July 18, 2019, despite the lack of any investigation, a criminal information charging Plaintiff with a felony was filed in the Rhode Island Superior Court.  Id. ¶ 49.  On July 7, 2020, the Superior Court dismissed the criminal charges.  Id. ¶ 51.

Based on this allegedly wrongful criminal prosecution, Plaintiff has filed two civil lawsuits:

(1) A case was filed in state court on April 17, 2020, by Plaintiff and his company, Designer, against OD and a principal of OD, alleging, *inter alia*, defamation, malicious prosecution and abuse of process;[2] and

(2) This case was filed in federal court on March 9, 2022, by Plaintiff against, *inter alia*, RISP and RISP Officers, including the RISP Officer who is a brother of the OD principal.

Now pending before the Court is Defendants' motion to quash a non-party subpoena to testify via Zoom addressed to Kelsey Marshall, a resident of Massachusetts, based on Fed. R. Civ. P. 45(d).  ECF No. 65 & Ex. A.  As the motion explains, ending well more than a decade ago, Ms. Marshall was an RISP officer.  See ECF No. 65 at 4.  However, since 2012 when she retired from RISP, she has been a stay-at-home mother, who occasionally works part-time at a canine academy.  Id.; see ECF No. 71 ¶¶ 1-3.  The motion asserts that Ms. Marshall has had nothing to do with and has no knowledge of Plaintiff or of any aspect of the claims in issue and Defendants' defenses to them.  ECF No. 65 at 1-2.

I. **Background**

---

[2] This description of the state court case is derived from a filing made in connection with an earlier-filed motion to quash a non-party deposition.  See ECF No. 35 at 3.

2

Issued pursuant to Fed. R. Civ. P. 45 (but not yet served on Ms. Marshall),[3] a copy of the subpoena was provided to the attorney from the Office of the Rhode Island Attorney General who is representing Defendants. See ECF No. 65 at 4. Acting for Defendants and for Ms. Marshall solely for purposes of the motion to quash, Defendants' counsel pressed Plaintiff for an explanation of how Ms. Marshall's deposition is conceivably relevant to the claims and defenses in this case. Id.; see ECF No. 65, Ex. B. After receiving no explanation and with nothing in the record of this case to suggest that an individual who left RISP many years before the events in issue in this matter could have any information within the scope of permissible discovery, Defendants filed the motion to quash.

Plaintiff's opposition to the motion to quash revealed in this case for the first time that Ms. Marshall's name arose because it was used by a principal of OD in an email produced in discovery in the state court case (the "Email"). ECF No. 67 at 3. Importantly, the Email was not produced in this case. The Email, ostensibly written by an OD principal, James Scott Grace, is dated February 22, 2019, which is just a few days after Plaintiff resigned. Id. In the Email, addressed to various named individuals congratulating them for doing a "[g]reat job" gathering information and encouraging criminal action (for example by the Wellesley Police Department) against Plaintiff, the writer states: "Let's connect with Kelsey this morning and confirm next steps" and "Kelsey can confirm next steps." ECF No. 67 at 3. An email address for Kelsey Marshall is listed as an addressee.

This reference to Kelsey Marshall was explored extensively in depositions taken in the state court case. These transcripts are quoted in Plaintiff's opposition and reveal that: (1) a recipient of the Email who was deposed had no idea who Ms. Marshall is or why she was

---

[3] Apparently, the subpoena was left at Ms. Marshall's home with a child under the age of eighteen.

mentioned; (2) the writer of the Email knew that Ms. Marshall had been an RISP Officer in the past, claimed that she was briefly "retained" at the time when OD was dealing with Plaintiff's resignation but admitted that she was never "formally" hired, never billed for any work and did not do any investigation of Plaintiff or of his company. ECF No. 67 at 3-6.

With this background proffered for the first time in Plaintiff's opposition brief, Ms. Marshall reviewed the Email to refresh her recollection. ECF No. 71 ¶ 16. She has now averred under oath in a Declaration filed in this case that, while the email address is hers, she has no recollection of receiving the Email. Id. The Declaration further explains that, in December 2018, she spoke briefly with an OD principal about the possibility of employment by OD as a safety officer to ensure that safety standards were being met at job sites. Id. ¶ 5. In connection with the exploration of that possibility, in early 2019, she had one short site visit and attended "a couple" of safety meetings and one meeting about how to use security cameras. Id. ¶ 7. For personal reasons, she declined the opportunity, was never hired and had no further involvement with OD. Id. ¶ 11. Ms. Marshall further avers that she has never met Plaintiff, never investigated Plaintiff (either for OD or for RISP or in any other capacity) and has no knowledge of Plaintiff or his claims against RISP. Id. ¶¶ 13-15.

**II.      Standard of Review**

Rule 45(d)(1) of the Federal Rules of Civil Procedure requires a "party or attorney responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Rule 45(d)(3)(A)(iv) requires the Court to "quash or modify" a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Such third-party discovery is also subject to Fed. R. Civ. P. 26, which limits discovery to "any nonprivileged matter that is relevant to any

party's claim or defense and <u>proportional</u> to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Thus, it is well-settled that such discovery cannot be used as a fishing expedition to pursue merely speculative inquiries. <u>Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.</u>, 333 F.3d 38, 41 (1st Cir. 2003) ("A litigant may not engage in merely speculative inquiries in the guise of relevant discovery.") (internal quotation marks omitted); <u>Milazzo v. Sentry Ins.</u>, 856 F.2d 321, 321 (1st Cir. 1988) (per curiam) ("Discovery," after all, "is not a fishing expedition; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed.") (internal quotation marks omitted). The movant seeking to quash a subpoena has the burden of demonstrating that compliance would result in an undue burden, while the subpoenaing party must sustain the burden of establishing that the requested information is relevant and proportional to the claims/defenses in the case. <u>Jee Fam. Holdings, LLC v. San Jorge Children's Healthcare, Inc.</u>, 297 F.R.D. 19, 20 (D.P.R. 2014); <u>see</u> <u>also</u> Fed. R. Civ. P. 26(b)(1).

    **III.**    <u>**Analysis**</u>

During the hearing before me, Plaintiff conceded that he has no reason to believe that anything in Ms. Marshall's Declaration is false.[4] Further, he conceded that there is nothing linking Ms. Marshall to the wrongful criminal prosecution claims against RISP. Her "involvement" relates only to <u>the state court case</u> and is limited to her name having been used (seemingly falsely) by an OD principal in the Email.[5] Put differently, the evidence developed in

---

[4] The Court asked if the parties would consent to the use of the Declaration for the truth of its content in further proceedings in this case (though not to its admissibility, which is a determination to be made in the moment of use, such as at trial). On the record, counsel for the RISP Defendants represented that they would not object to the use of the Declaration to establish the truth of its content despite its status as hearsay and counsel for Plaintiff represented that he would accept it as an admissible document on that basis.

[5] It must be noted that, by making this observation regarding relevancy of the Email in the state court case, the Court is not suggesting that a third-party subpoena for Ms. Marshall's testimony in the state court case would be appropriate or permissible. The permissibility of such a deposition is beyond the scope of what is before this Court.

the state court case, confirmed by Ms. Marshall's Declaration, establishes that she is not in possession of any information conceivably relevant (or proportional) to this case. Nor has Plaintiff provided the Court with anything to overcome Defendants' persuasive presentation that the deposition would be a speculative fishing expedition thereby imposing undue burden. Accordingly, the subpoena must be quashed.

### IV.     Conclusion

Based on the foregoing, Defendants' Motion to Quash Subpoena Addressed to Non-party Kelsey Marshall (ECF No. 65) is GRANTED.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
February 5, 2026