UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ERIC EUELL,                                              :
                                                        :
    Plaintiff,                                         :
                                                        :
    v.                                                 :        C.A. No. 22-101-MRD
                                                        :
RHODE ISLAND STATE POLICE, et al.,                      :
                                                        :
    Defendants.                                        :

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are two motions brought by Defendants Rhode Island State Police ("RISP"), Rhode Island Department of Public Safety, RISP Officer Kevin Kojoian (official capacity only), and RISP Officers Jeffrey Coleman and Kevin Grace (individually and officially). ECF Nos. 78, 81. These Defendants seek a protective order with regard to three party depositions (Officers Kojoian, Coleman and Grace), a non-party individual (Retired Officer Ruggiero) and a Fed. R. Civ. P. 30(b)(6) deposition of RISP. As grounds for the motions, Defendants ask the Court to relieve them of the burden of sitting again for a full deposition in this case because each deponent has already testified fully in a related case based on essentially the same facts and/or exploring the same topics. The related case is pending in the Rhode Island Superior Court, Designer Garage Doors, Inc. v. Overhead Door Co. of Southeastern Massachusetts, Inc., KC-2020-0358 ("Superior Court case"). Mindful of the objection of Plaintiff Eric Euell, the Court conducted a hearing, reviewed the deposition transcripts of the thorough testimony already procured on the record in the Superior Court case and rules as follows:

1.      <u>Deposition of Defendant Officer Jeffrey Coleman</u>: Based on the thorough factual deposition already taken of Officer Coleman in 2021 in the Superior Court case and contingent on the binding agreement of Defendants that Officer Coleman's state court testimony may be used in this case for any permissible purpose, including as his trial testimony (without regard to his physical availability) and that they will not call him as a trial witness due to a medical condition impacting capacity to testify,[1] the motion for a protective order is granted in that Officer Coleman may not be deposed again, provided that the parties shall meet and confer to reach agreement on a short statement to be presented to the jury to explain both Officer Coleman's unavailability as a trial witness and the use of his state court deposition transcript in a federal court case as if it had been taken in this case.  This ruling does not preclude Plaintiff from propounding discovery using other methods regarding whether Officer Coleman was disciplined because of the incident in issue, but not to seek his entire personnel file.

2.      <u>Deposition of Defendant Officer Kevin Grace</u>: The motion for protective order is denied with respect to Officer Kevin Grace, and the Court orders that his deposition may proceed without limit as to topic, provided that, during the deposition, if he so requests, he may review his prior deposition testimony on the same topic in the Superior Court case and his request to do so will not be used to impeach or count against the seven-hour time limit.  To the extent that the parties need the assistance of the Court during the deposition, they may contact my case manager and, if possible, a remote conference/hearing will promptly be conducted to resolve the matter.

3.      <u>Deposition of Defendant Officer Kevin Kojoian</u>: Officer Kojoian is joined in this case in his official capacity only.  Therefore, he is effectively a non-party with respect to

---

[1] This Court has not received medical evidence or conducted an evidentiary hearing regarding capacity to testify. The ruling is made in reliance on the representation of counsel.

individual capacity examination and subject to the protection of Fed. R. Civ. P. 45(d)(1), which requires Plaintiff to take reasonable steps to avoid imposing undue burden on him in his capacity as a non-party.  Further, Officer Kojoian has already testified thoroughly regarding his factual knowledge of the events in issue in the Superior Court case, which deposition was taken after this case had been filed so that Plaintiff was fully aware of what is relevant in this case as implicated by his testimony.  Mindful that Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition of RISP covers the topic of whether Officer Kojaian's involvement in this matter was consistent with applicable standards of police conduct, as well as that this topic will be the subject of expert testimony, the Court grants the motion for a protective order to the extent that Officer Kojoian is not required to testify again, provided that the parties shall meet and confer to reach agreement on a short statement to be presented to the jury to explain, if necessary, the use of Officer Kojoian's state court deposition transcript in a federal court case as if it had been taken in this case.  This ruling is without prejudice to Plaintiff again seeking Officer Kojoian's deposition in this case to the extent that subsequent discovery reveals a factual matter relevant to this case on which he may have knowledge that was not covered during his Superior Court case testimony.

4.      Deposition of Non-Party Officer Ruggiero: Officer Ruggiero is a non-party who has already testified thoroughly in the Superior Court case regarding his knowledge of the facts in issue.  Mindful of Plaintiff's duty pursuant to Fed. R. Civ. P. 45(d)(1) to take reasonable steps to avoid imposing undue burden on this non-party and in reliance on Plaintiff's concession that any remaining issues for Officer Ruggiero relate to the application of standards of police conduct to these facts, which is a topic that will be covered by the Fed. R. Civ. P. 30(b)(6) deposition of RISP, as well as by expert testimony, the Court grants the motion for a protective order to the extent that Officer Ruggeiro is not required to testify again, provided that the parties shall meet

and confer to reach agreement on a short statement to be presented to the jury to explain, if necessary, the use of Officer Ruggeiro's state court deposition transcript in a federal court case as if it had been taken in this case.  This ruling is without prejudice to Plaintiff again seeking Officer Ruggeiro's deposition in this case to the extent that subsequent discovery reveals a factual matter relevant to this case on which he may have knowledge that was not covered during his Superior Court case testimony.

5.    <u>Fed. R. Civ. P. 30(b)(6) Deposition of RISP</u>: The motion for protective order is denied with respect to the Fed. R. Civ. P. 30(b)(6) deposition of RISP, provided that the parties are directed to meet and confer to reduce the burden of preparation of the testifying designee(s) in light of the prior deposition taken in 2021, as well as that the prior RISP deposition taken in the Superior Court case may be used as if it had been taken in this case.  The parties shall meet and confer to reach agreement on a short statement to be presented to the jury to explain, if necessary, the use of RISP's state court deposition transcript in a federal court case as if it had been taken in this case.

Based on the foregoing, Defendants' motions (ECF Nos. 78 and 81) are hereby GRANTED in part and DENIED in part.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 15, 2026

4